**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

JOSELITO JUAREZ both individually and on
behalf of all other similarly situated persons,

                            Plaintiff,

                  -against-

PRECISION APPAREL, INC.,
and PRECISION WAREHOUSING, INC.,
ZHI XIONG QIU, an individual,
JONNY CHEN, an individual and
SUSANA CHEN, an individual,

                     Defendants.

-------------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 1 1 2012 ★

BROOKLYN OFFICE

**SUMMONS ISSUED**

**COMPLAINT**

CV 12 - 2349

**JURY TRIAL DEMANDED**

ROSS, J.

AZRACK, M.J.

     Plaintiff, JOSELITO JUAREZ ("Plaintiff"), on behalf of himself and all others similarly

situated, by and through his attorneys The Law Office of BORRELLI & ASSOCIATES,

P.L.L.C. brings this action for damages and other legal and equitable relief from the Defendants,

PRECISION APPAREL, INC., ("PA"), PRECISION WAREHOUSING, INC., ("PW"), ZHI

XIONG QIU, an individual, ("Qiu"), JONNY CHEN ("Jonny"), an individual and SUSANA

CHEN ("Susana"), an individual, (collectively "Defendants") for violations of the  Fair Labor

Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the New York State Labor Law

("Labor Law"), and any other cause(s) of action that can be inferred from the facts set forth

herein.

1

## INTRODUCTION

1.  This is a collective action brought by Plaintiff challenging acts committed by Defendants against Plaintiff and those similarly-situated amounting to violations of Federal and State wage and hour laws.

2.  Plaintiff also brings this collective action on his own behalf and those similarly-situated pursuant to the Federal and State laws requiring overtime pay.

3.  Defendants committed violations of these laws by engaging in a systematic scheme of failing to compensate Plaintiff and similarly-situated employees their statutorily required overtime pay.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; (iii) under 29 U.S.C. § 201 et. seq.

5.  The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

6.  Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219, in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendants maintain offices, conduct business and reside in this district.

## PARTIES

7.  Plaintiff resides in Kings County, New York.

8.  Upon information and belief, Defendants PA and PW are corporations organized under the laws of the State of New York and have principal places of business within Kings County, New York. Upon information and belief, the amount of qualifying annual volume of business for Defendants PA and PW exceeds $500,000.00 and thus subjects the business to the FLSA's overtime requirements. Additionally, all of Defendants PA and PW's employees are engaged in interstate commerce as they all handle goods that have been moved in interstate commerce. This independently subjects Defendants PA and PW to the overtime requirements of the FLSA.

9.  Upon information and belief, Defendants Qui, Jonny and Susana have an ownership stake in Defendants PA and PW and are thus personally liable for unpaid wages. Further, Defendants Qui, Jonny and Susana qualify as employers for employees of Defendants PA and PW under the FLSA and Labor Law.

## COLLECTIVE ACTION ALLEGATIONS

10. Plaintiff seeks to bring this suit pursuant to 29 U.S.C. § 216(b) on his own behalf as well as those in the following class:

> Current and former employees of Defendants who perform any work in any of Defendants' locations as non-managerial employees who give consent to file a cause of action to recover overtime

3

> compensation which is legally due them for the time worked in
> excess of forty hours in a given work week as well as to recover
> the difference between the amount of wages actually paid to them
> and the statutorily minimum amount due ("FLSA Plaintiffs").

11. Plaintiff is similarly situated to all such individuals because while employed by
    Defendants he and all FLSA Plaintiffs performed similar tasks, were subject to the same
    laws and regulations, were paid in the same or similar manner, were paid the same or
    similar rate, were required to work in excess of forty hours per work-week, and were not
    paid the required one and a half (1 ½) times their respective regular rates of pay for
    overtime worked.

12. Defendants treated all FLSA Plaintiffs similarly in requiring them to work in excess of
    forty hours per work week without adequate overtime compensation. Plaintiff and FLSA
    Plaintiffs work and/or worked for Defendants in their place of business six or seven days
    per week for an average total of seventy-two hours per week. They were regularly and
    specifically scheduled to work more than forty hours per work week, yet Defendants did
    not pay them the statutorily required overtime compensation. This practice was enforced
    against all employees in similar or identical fashion.

13. All FLSA Plaintiffs are engaged in interstate commerce as they are required to handle
    goods that have been moved in interstate commerce.

14. Defendants are and have been aware of the requirement to pay Plaintiff and FLSA
    Plaintiffs for overtime work, yet purposefully chose not to.

### Overtime and Wage Violations

15. Plaintiff, throughout his tenure of employment, was a full-time employee of Defendants
    who was paid in cash on a bi-weekly basis. From the commencement of his employment

4

on January 8, 2011 until February 2011, Plaintiff was paid $7.50 per hour for each hour worked. In mid February 2011, Plaintiff earned $8.00 per hour for each hour worked. As of the date of the filing of this complaint, Plaintiff is no longer employed by Defendants, but was never paid more $8.00 per hour for each hour worked.

16. Throughout Plaintiff's entire tenure of employment with Defendants, Plaintiff was required to work, and did in fact work six or seven days per week, Sunday through Saturday, from 7:00 a.m. until 7:00 p.m. Throughout his tenure of employment with Defendants, Plaintiff has worked an average of 72 hours per week.

17. Plaintiff, when working in excess of forty hours per week, was compensated at his straight rate of pay for those hours.

18. Plaintiff, during his period of employment, was not compensated in accordance with the statutorily required overtime rate of pay for any hour worked per work week in excess of forty. Plaintiff was only compensated at his regular rate of pay for any hours worked per week in excess of forty, which was clearly less than the statutorily mandated rate of one and one-half (1 ½) times his normal rate of pay.

19. All of Defendants' employees worked similar hours to Plaintiff and they were not compensated at the legally mandated overtime rate for hours worked per week in excess of forty. Additionally, Plaintiff and all similarly situated employees were required to work in excess of ten hours per day and were not compensated under New York's spread of hours law.

5

## FACTS

20. Plaintiff commenced his employed with Defendants on January 8, 2011 in the position of manufacturer, separator and shipper. Plaintiff was originally hired by an individual who referred to himself as Jonny Chen.

21. Plaintiff's work duties at PA and PW included assisting in the manufacturing of clothing, specifically shirts and pants. Specifically, Plaintiff would receive fabric and cut clothing to size, separate completed clothing items and packaging the clothing for shipment. At certain times, Plaintiff would also press the clothing.

22. Plaintiff worked at the Defendants' shop located at 87 35th Avenue, 3rd Floor, Brooklyn, New York 11232.

23. During the tenure of his employment, Plaintiff was compensated in the manner described above.

24. On July 20, 2011, Plaintiff advised Defendant Jonny that he was not paid for the four weeks prior. As a result of this complaint, Plaintiff was fired.

25. On or about November 2011, Plaintiff was subsequently paid the time worked in June and July, 2011 but only after Plaintiff's continual insistence on payment.

26. In mid November 2011, Plaintiff was unable to find a job and returned to work for Defendants. Upon his return to work, Plaintiff's per hour wages and hours remained the same as they had in the past.

27. As of the date of the filing of this complaint, Plaintiff is no longer employment by the Defendant.

**AND AS FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL COLLECTIVE PLAINTIFFS**

### For Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219

28. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

29. Plaintiff and all FLSA Plaintiffs were required to work in excess of forty hours a week without being compensated for those hours at the statutorily required time and a half pay. This practice was willful and lasted for the duration of the relevant time periods.

30. This practice is in violation of the Fair Labor Standards Act.

## AND AS FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL CLASS PLAINTIFFS

### For Violation of the New York Labor Law §§ 650 et. seq.

31. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

32. Plaintiff and all FLSA Plaintiffs were required to work in excess of forty hours a week without being compensated for those hours at the statutorily required time and a half pay. This practice was willful and lasted for the duration of the relevant time periods.

33. This practice is in violation of the New York Labor Law §§ 650 et. seq.

## AND AS FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFFS AND ALL CLASS PLAINTIFFS

### For violation of 12 NYCRR § 142-2.4

34. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

35. Plaintiff and all FLSA Plaintiffs were required to work shifts in excess of ten hours on a regular basis. Plaintiff and FLSA Plaintiffs were not paid the statutorily required "spread

of hours" pay, which would have required an additional hour of pay for each day Plaintiff and all FLSA Plaintiffs worked.

36. This practice is in violation of 12 NYCRR § 142.24.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all FLSA Plaintiffs, demands judgment against Defendants as follows:

1.      Demand a jury trial on these issues to determine liability and damages;

2.      Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

3.      A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, ("FLSA") and the New York Labor Law, §§ 650 et. seq.; and the New York "spread of hours" pay required under 12 N.Y.C.R.R. § 142-2.4.

4.      All damages which Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including back pay, front pay, general and special damages for lost compensation and job benefits they would have received but for Defendants' improper practices;

5.      An award to the Plaintiff and FLSA Plaintiffs of compensatory damages, including but not limited to damages for emotional pain and suffering where appropriate;

8

6.    An award to the Plaintiff and FLSA Plaintiffs of pre-judgment interest at the highest level rate, from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

7.    An award to the Plaintiff and FLSA Plaintiffs for the amount of unpaid wages, including interest thereon, and penalties subject to proof;

8.    Exemplary and punitive damages in an amount commensurate with Defendants' ability and so as to deter future malicious, reckless, and/or intentional where permissible under law;

9.    Awarding Plaintiff his costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

10.    Pre-judgment and post-judgment interest, as provided by law; and

11.    Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

Dated:      May 9, 2012
            Great Neck, New York


                              Respectfully submitted,

                              **THE LAW OFFICE OF**
                              **BORRELLI & ASSOCIATES, PLLC**
                              *Attorneys for Plaintiffs*
                              1010 Northern Boulevard, Suite 328
                              Great Neck, New York 11021
                              (516) 248-5550


                              By:_____
                                    Michael J. Borrelli (MB 8533)
                                    Michelle F. Hagler (MH 7949)

9